# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASHA BINBEK, individually, and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br>　v.<br><br>DOORDASH, INC., a Delaware corporation,<br><br>　　　Defendant. | Case No.: 1:22-cv-3729<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff ASHA BINBEK ("Plaintiff"), individually, and on behalf of two classes of similarly situated individuals (the "Classes"), brings this Class Action Complaint against Defendant DOORDASH, INC. ("Defendant" or "DoorDash"), for money damages and injunctive relief arising out of Defendant's knowing, willful, and unceasing robocalls to Plaintiff's and members of the Classes' wireless telephones in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and Plaintiff's and members of the Classes' right to privacy, as follows:

## NATURE OF THE ACTION

1. This is a nationwide consumer class action against DoorDash for sending unsolicited robocalls to consumers' cellular telephone lines using prerecorded or artificial voices in violation of the TCPA. 47 U.S.C. § 227(b), and causing unwanted telephone calls to Plaintiff's and members of the Classes' personal telephones in violation of their right to privacy.

2. DoorDash did not obtain the prior express consent of Plaintiff or members of the Classes before sending the unsolicited robocalls that form the basis of their claims. In addition,

DoorDash repeatedly ignores and disregards requests from Plaintiff and members of the Classes to stop calling their phone numbers.

3. Plaintiff brings this lawsuit to recover damages, equitable relief—including injunctive relief—and to obtain redress on behalf of herself and members of the Classes who were and are beset by DoorDash's unauthorized, negligent, knowing, and willful automated robocalling campaigns causing actual harm to consumers.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff is a citizen of Illinois. Plaintiff's primary phone number is xxx-xxx-8700 ("Plaintiff's phone number").

5. Defendant is a Delaware corporation with its principal place of business in California.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under the TCPA, 47 U.S.C. § 227, *et seq*. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7. The Court has specific personal jurisdiction over Defendant because Defendant directed and sent the telephone calls that form the basis of Plaintiff's claims to Plaintiff in Illinois. Defendant does business in this District, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

8. Venue is proper because a substantial part of the events and omissions underlying Plaintiff's claims occurred in this District.

**FACTUAL BACKGROUND**

9. DoorDash is a food delivery service that permits individuals to order food from local restaurants and have it delivered to them by a DoorDash-affiliated courier (known as a "Dasher").

10. As part of its business operations, DoorDash places telephone calls to restaurants that are listed as vendors on DoorDash's website or mobile app, as well as DoorDash's customers (the "Telephone Calls")

11. Although these Telephone Calls may be appropriate with respect to restaurants who have an existing business relationship with DoorDash, as well as DoorDash patrons who have placed orders using DoorDash—at least insofar as the Telephone Calls relate to those restaurants' and patrons' relationship with DoorDash—DoorDash has a pattern and practice of placing Telephone Calls to individuals (such as Plaintiff and members of the Classes) who do not have any relationship with DoorDash, and/or that do not relate in any way whatsoever to their relationship with DoorDash (if one exists).

12. Many of DoorDash's Telephone Calls are robocalls using prerecorded or artificial voices (the "Robocalls").

13. Accordingly, DoorDash frequently places Telephone Calls and Robocalls to persons when DoorDash did not obtain their prior express consent to do so.

14. Moreover, even when recipients of DoorDash's Telephone Calls and Robocalls inform DoorDash that those Telephone Calls and Robocalls are unwanted and request that DoorDash cease making Telephone Calls and Robocalls to their phones, DoorDash continues to place unwanted and unsolicited Telephone Calls and Robocalls to these persons.

15. In fact, many complaints about DoorDash's unwanted Telephone Calls and Robocalls are publicly available online:

### From ShouldIAnswer.com[1]

- "Every time I answer it's trying to confirm an order from doordash for a different name. If you answer they'll call you back 5+ times with more names."

- "These people don't let up—mostly silent buy catch a few word from automated recording sometimes."

- "Will call all hours of the night back to back and bright and early the next day. I haven't used DD since January been getting calls for 4 days straight."

- "Left several pre recorded messages. Something about door dash."

### From FindWhoCallsYou.com[2]

- "CALLS 10 TIMES A DAY SCAMMER"

- "Calls restaurant client of mine 30 times a day, we finally blocked it at the pbx"

- "Calls my restaurant 20 to 30 times a day and no one is ever on the line"

- "THIS CALL IS A SPAM, IMAKE MORE THAN 12 DAILY CALLS, ENOUGH! NO MORE CALLED"

- "calls three times continuously didn't pick, gets automated voice message which just says, press 3 something something"

- "Calls my pizza place like 20 times a day and no one is ever on the line"

---

[1] https://www.shouldianswer.com/phone-number/6504504940

[2] https://findwhocallsyou.com/6504504940?CallerInfo

4

- "Scammer called without leaving a message"

- "18+ calls to confirm an order. Never used DoorDash a day in my life"

- "Wont' stop calling."

- "Hey a**holes, quit calling people and interrupting their lives with your stupid scams. Nobody believes in your bullsh*t."

- "Numerous calls received on regular basis.."

*From directory.youmail.com[3]*

- "an automated message telling me to push 1 to confirm order. I don't even use door dash"

- "calls 10 times a day need them to stop"

- "18+ calls to confirm an order. Never used DoorDash a day in my life"

**FACTS RELEVANT TO PLAINTIFF**

16. Beginning in February 2022, DoorDash has been placing Telephone Calls and Robocalls to Plaintiff's personal phone number.

17. Plaintiff estimates that between February 2022 and the date this Complaint is filed, DoorDash has caused to be placed at least 242 Telephone Calls to Plaintiff's telephone number, approximately 203 of which are prerecorded/artificial voice Robocalls to Plaintiff from 650-450-4940. Typically, a voicemail is left each time.

18. At this time, Plaintiff can identify the following unwanted and unsolicited Telephone Calls and Robocalls that DoorDash has placed to Plaintiff's phone number:

| DATE | PHONE NUMBER | QUANTITY |
|---|---|---|
| 2/28/22 | 650-450-4940 | 9 |
| 3/1/22 | 650-450-4940 | 9 |

---

[3] https://directory.youmail.com/directory/phone/6504504940

5

| | | |
|---|---|---|
| **3/2/22** | 650-450-4940 | 6 |
| **3/2/22** | 650-437-9507 | 1 |
| **3/3/22** | 650-450-4940 | 6 |
| **3/3/22** | Unknown | 1 |
| **3/4/22** | 650-450-4940 | 6 |
| **3/5/22** | 650-450-4940 | 3 |
| **3/11/22** | 650-450-4940 | 9 |
| **3/11/22** | Unknown | 1 |
| **3/11/22** | 415-805-6642 | 1 |
| **3/12/22** | Unknown | 1 |
| **3/30/22** | 650-450-4940 | 3 |
| **4/5/22** | 650-450-4940 | 6 |
| **6/2/22** | 650-450-4940 | 8 |
| **6/2/22** | 415-805-6642 | 1 |
| **6/8/22** | 650-450-4940 | 9 |
| **6/8/22** | Unknown | 1 |
| **6/9/22** | 650-450-4940 | 9 |
| **6/10/22** | 650-450-4940 | 3 |
| **6/10/22** | Unknown | 1 |
| **6/17/22** | 650-450-4940 | 6 |
| **6/17/22** | 415-991-6684 | 1 |
| **6/18/22** | 650-450-4940 | 6 |
| **6/18/22** | 650-727-1289 | 1 |
| **6/19/22** | 650-450-4940 | 15 |
| **6/19/22** | 415-275-6644 | 1 |
| **6/19/22** | Unknown | 1 |
| **6/20/22** | 650-450-4940 | 4 |
| **6/20/22** | 650-362-8919 | 1 |
| **6/21/22** | 650-450-4940 | 6 |
| **6/22/22** | 650-450-4940 | 11 |
| **6/22/22** | Unknown | 1 |

| Date | Number | Count |
|---|---|---|
| 6/29/22 | 650-450-4940 | 10 |
| 6/30/22 | 650-450-4940 | 19 |
| 7/1/22 | 650-450-4940 | 6 |
| 7/1/22 | 415-996-1483 | 1 |
| 7/8/22 | 650-450-4940 | 3 |
| 7/9/22 | 628-800-0576 | 1 |
| 7/9/22 | 650-450-4940 | 7 |
| 7/10/22 | 650-450-4940 | 6 |
| 7/10/22 | 650-437-9507 | 1 |
| 7/15/2022 | 650-450-4940 | 18 |
| 7/15/2022 | 628-600-0930 | 1 |
| 7/15/2022 | 650-897-4835 | 1 |
| 7/17/2022 | 650-640-4940 | 6 |
| 7/17/2022 | 833-574-1005 | 1 |
| 7/17/2022 | Anonymous | 1 |
| 7/18/2022 | 650-640-4940 | 9 |
| 7/18/2022 | Anonymous | 3 |

Plaintiff reserves the right under Fed. R. Civ. P. 15(d), to move to supplement her complaint to include additional Telephone Calls and Robocalls, if necessary.

19. The phone calls listed above that originate from the telephone number 650-450-4940 are Robocalls placed using a prerecorded or artificial voice. All of these Robocalls come from the same phone number, use the same artificial or prerecorded British female-sounding accent on all calls, have the same duration, and include a request to press a series of numbers on the phone to interact with the messenger.

20. The vast majority of the Telephone Calls and Robocalls that Plaintiff has received from DoorDash—including all of the Robocalls from 650-450-4940—seek to ascertain a local restaurant's (the "Local Restaurant") hours of operation and/or business address.

21. Many other Telephone Calls and Robocalls that Plaintiff has received from DoorDash pertain to issues with patrons' orders from the Local Restaurant (*e.g.*, a Dasher cannot locate the restaurant, the customer has lodged a complaint about the order, etc.). These calls are transmitted by DoorDash's systems and are initiated by DoorDash on behalf of Dashers or DoorDash customers who have placed an order from the Local Restaurant.

22. Plaintiff is not affiliated in any way with the Local Restaurant, and has never even patronized the Local Restaurant.

23. As such, Plaintiff did not provide her consent to receive these Telephone Calls and Robocalls from DoorDash.

24. Plaintiff has tried on several occasions to get DoorDash to stop the incessant Telephone Calls and Robocalls, but to no avail. DoorDash simply disregards Plaintiff's requests.

25. Specifically, Plaintiff has called DoorDash directly at least six times, the earliest occurring on or around February 28, 2022. On each of these calls, Plaintiff informed DoorDash that she (1) is not affiliated in any way with the Local Restaurant, (2) is receiving Telephone Calls and Robocalls from DoorDash in error, and (3) does not wish to receive any further Telephone Calls and Robocalls from DoorDash. Each time, the representative with whom Plaintiff spoke informed Plaintiff that he or she will look into the matter and get back to her.

26. In addition, on or around March 2, 2022, Plaintiff submitted two complaints to DoorDash via its text chat platform, in which Plaintiff also informed DoorDash that she (1) is not affiliated in any way with the Local Restaurant, (2) is receiving Telephone Calls and Robocalls from DoorDash in error, and (3) does not wish to receive any further Telephone Calls and Robocalls from DoorDash.

27. Moreover, on at least three instances—including most recently on or around April 5, 2022—Plaintiff navigated on her Internet browser to the URL, https://help.doordash.com/s/optout, and submitted a request to opt out of communications from DoorDash.

28. Despite Plaintiff's repeated "do not call" requests, the unwanted Telephone Calls and Robocalls continued unabated.

29. As a result of the foregoing, Plaintiff suffered and continues to suffer invasions of privacy, and has expended time, effort, and resources to opt out and try to compel DoorDash to cease the incessant Telephone Calls and Robocalls to Plaintiff's phone number. The unwanted Telephone Calls and Robocalls intrude upon Plaintiff's solitude, interfere with her time and use of her phone, drain her phone's battery, take up data storage space, and cause inconvenience, annoyance, and mental anguish. These Telephone Calls and Robocalls also interfere with Plaintiff's ability to perform tasks required by her employer, as those tasks frequently require Plaintiff to use her phone to place and receive calls, which is sometimes rendered inoperable as a result of the volume of Telephone Calls and Robocalls that Plaintiff receives. Accordingly, Plaintiff has suffered tangible and intangible financial harm and emotional distress that her personal, closely guarded information and privacy, including Plaintiff's phone number, is being disseminated to strangers and invaded upon.

## CLASS ALLEGATIONS

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), on behalf of a nationwide subclass of similarly situated individuals (the "TCPA Class"), defined as follows:

> All persons in the United States to whose cellular telephone number Defendant placed one or more unsolicited phone calls using an artificial or prerecorded voice, which was not made with the person's prior express consent.

9

Excluded from the TCPA Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest, and those entities' current or former officers and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the TCPA Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of a nationwide class of similarly situated individuals (the "Privacy Class"), defined as follows:

> All persons in the United States to whose personal telephone number DoorDash or DoorDash delivery persons placed more than one phone call after such person requested not to receive such phone calls.

Excluded from the Privacy Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest, and those entities' current or former officers and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Privacy Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

32. **Numerosity**: Upon information and belief, the Classes each consist of thousands of members. While only Defendant knows the precise number and identity of members of the Classes, members of the Classes can easily be identified through Defendant's records, or by other means. Moreover, according to complaints available online and because of the nature of Defendant's robocalling, it is reasonable to infer that thousands of persons are in the Classes. Indeed, the conduct complained of herein impacts persons nationwide. For instance, Jeramy Galster initiated a lawsuit against Defendant, alleging over 40 robocalls from the same number as the one at issue here: 650-450-4940. *See Galster v. DoorDash, Inc.,* No. 3:20-cv-08785 (N.D. Cal.).

33. **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and members of the Classes, which predominate over any individual issues, including:

   a. Whether Defendant placed phone calls to TCPA Class members (other than a message made for emergency purposes or made with the prior express consent of the called party) using prerecorded or artificial voices to phone numbers assigned to a cellular phone service;

   b. Whether Defendant violated Plaintiff's and Privacy Class members' right to privacy by failing and refusing to honor their requests not to receive phone calls from Defendant, Defendant's delivery personnel, or Defendant's customers;

   c. Whether Defendant negligently, knowingly, or willfully engaged in unlawful conduct;

   d. Whether Plaintiff and members of the Classes were damaged by Defendant's unlawful conduct, and the extent of damages for each violation.

34. **Typicality**: Plaintiff's claims are typical of the claims of members of the Classes. All claims are based on the same legal and factual issues. Plaintiff and members of the Classes suffered the same tangible and intangible harms as a result of Defendant's uniform and widespread unlawful conduct. Plaintiff received several unwanted and unsolicited Telephone Calls and Robocalls from Defendant to her cellular phone number, even after requesting that she not receive any more calls. The same is true of the members of the Classes.

35. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes, and has retained counsel competent and experienced in complex class actions, including TCPA class actions. Plaintiff has no interest antagonistic to those of the members of the Classes, and Defendant has no defenses unique to Plaintiff.

36. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Classes to prosecute their claims individually. Class action relief is essential in order to compel Defendant to comply with the TCPA. Moreover, based on Defendant's widespread and uniform misconduct, Defendant has acted on grounds generally applicable to the Classes, thereby making both final injunctive and declaratory relief with respect to the Classes as a whole appropriate. Additionally, Defendant's unlawful conduct alleged herein is substantially likely to continue in the future unless enjoined. Finally, the trial and the litigation of Plaintiff's and members of the Classes' claims are manageable.

## COUNT I
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA Class)**

37. Plaintiff incorporates by reference paragraphs 1–36 as though fully stated herein.

38. Defendant failed to obtain prior express consent to place Robocalls to Plaintiff and TCPA Class members.

39. Defendant used prerecorded or artificial voices when it sent the Robocalls to Plaintiff's and TCPA Class members' cellular/residential phones.

40. Defendant's Robocalls to Plaintiff's and Class members' cellular/residential phones were not for emergency purposes.

41. Any and all decisions, activity, and implementation about the calling procedures that led to the Robocalls to Plaintiff's and TCPA Class members' cellular/residential phones originated with or were designed, implemented, and approved by Defendant.

42. Based on the allegations herein, Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency calls to the cellular/residential telephone numbers of

Plaintiff and TCPA Class members using an artificial or prerecorded voice without obtaining prior express consent.

43. Plaintiff and TCPA Class members suffered aggravation, stress, nuisance, and invasions of their privacy and their right to remain free from unwanted Robocalls.

44. Plaintiff and TCPA Class members also suffered lost money in paying to receive the unwanted Robocalls and lost time responding to and listening to the unwanted messages, typing and sending stop requests to unsubscribe from the phone calls, suffered a depleted battery life of their cellular phones which required them to replenish the charge of their phones using electricity they had to pay for, and lost the use of data storage on their devices or in the cloud for which they pay, occupying and converting storage space that slowed down the processing speeds of their devices and which storage could have instead been used for purposes authorized or desired by Plaintiff and TCPA Class members.

45. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each of the TCPA Class members are entitled to an award of actual damages or $500.00 in statutory damages for each and every violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each of the TCPA Class members are entitled to an award of $1,500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Moreover, because Defendant refuses to honor Plaintiff's and TCPA Class members' repeated requests to cease its Robocalls, Plaintiff and TCPA Class members are at a substantial risk to receive unwanted and unsolicited Robocalls from Defendant in the future.

48. Accordingly, Plaintiff and the TCPA Class members are also entitled to, and do, seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### Violations of Rights to Privacy
### (On Behalf of Plaintiff and the Privacy Class)

49. Plaintiff incorporates by reference paragraphs 1–36 as though fully stated herein.

50. Defendant invaded the right to privacy of Plaintiff and Privacy Class members by placing unwanted Telephone Calls and Robocalls to Plaintiff and Privacy Class members, and by displaying, disclosing, and allowing Defendant's representatives, agents, delivery personnel, and customers access and unfettered use of Plaintiff's and Privacy Class members' contact information to make unauthorized and unwanted phone calls to their phone numbers.

51. Defendant knowingly and willfully failed and refused to honor Plaintiff's and Privacy Class members' requests that Defendant and its representatives, agents, delivery personnel, and customers stop placing Telephone Calls and Robocalls to their personal telephones. Defendant's conduct was a knowing and wanton disregard of Plaintiff's and Privacy Class members' right of privacy and intruded upon their seclusion.

52. Defendant portrayed Plaintiff and Privacy Class members in a false light. Defendant's representatives, agents, delivery personnel, and customers placed phone calls to Plaintiff and Privacy Class members because Defendant knowingly falsely associated their phone numbers with restaurants or customers that use Defendant's services. Because Defendant falsely portrays Plaintiff and Privacy Class members as operators of restaurants or DoorDash customers, Plaintiff and Privacy Class members are beset by large volumes of Telephone Calls and Robocalls to their phones that they cannot stop, despite demanding that Defendant stop the Telephone Calls and Robocalls.

53. Defendant's conduct alleged herein is highly offensive to a reasonable person.

54. Plaintiff and Privacy Class members suffered aggravation, nuisance, and invasions of their privacy and their right to remain free from unwanted Telephone Calls and Robocalls. Plaintiff and Privacy Class members also suffered lost money in paying to receive the unwanted Telephone Calls and Robocalls, and lost time responding to and listening to the unwanted messages, typing and sending stop messages to unsubscribe from the Telephone Calls and Robocalls, suffered a depleted battery life of their phones which required them to replenish the charge of their phones using electricity they had to pay for, and lost the use of data storage on their devices or in the cloud for which they pay, occupying and converting storage space that slowed down the processing speeds of their devices and which storage could have instead been used for purposes authorized or desired by Plaintiff and Privacy Class members.

55. Moreover, because Defendant refuses to honor Plaintiff's and Privacy Class members' repeated requests to cease its Telephone Calls and Robocalls, and continues to associate Plaintiff's and Privacy Class members' personal phone numbers with restaurants or customers that use Defendant's services, Plaintiff and TCPA Class members are at a substantial risk to suffer further invasions of their privacy in the future.

56. As a result of Defendant's unlawful conduct, Plaintiff and Privacy Class members seek actual, enhanced, and punitive damages, and equitable and injunctive relief, as allowable under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, prays for an Order as follows:

    a. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Classes defined herein;

    b.      Designating Plaintiff as representative of the Classes, and the undersigned counsel as Class Counsel;

    c.      Entering judgment in favor of Plaintiff and the Classes and against Defendant;

    d.      Awarding Plaintiff and the Classes actual damages, statutory damages, treble damages, and punitive damages, and all other forms of available relief;

    e.      Entering an injunction enjoining Defendant from placing further unsolicited and/or unwanted phone calls to Plaintiff and members of the Classes, and from engaging in the other unlawful conduct alleged herein; and

    f.      Granting other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

    Plaintiff ASHA BINBEK, individually, and on behalf of all others similarly situated,

    By: /s/ Thomas A. Zimmerman, Jr.
    Thomas A. Zimmerman, Jr. (IL #6231944)
    *tom@attorneyzim.com*
    Sharon A. Harris
    *sharon@attorneyzim.com*
    Matthew C. De Re
    *matt@attorneyzim.com*
    Jeffrey D. Blake
    *jeff@attorneyzim.com*
    ZIMMERMAN LAW OFFICES, P.C.
    77 W. Washington Street, Suite 1220
    Chicago, Illinois 60602
    Tel: (312) 440-0020
    Fax: (312) 440-4180
    www.attorneyzim.com

    *Counsel for Plaintiff and the Putative Classes*